816 F.2d 575
 43 Fair Empl.Prac.Cas. 1032,
43 Empl. Prac. Dec. P 37,023, 38 Ed. Law Rep. 1213
 Margaret T. ALLEN, individually and on Behalf of others
similarly situated; Yolanda F. Lamar and Beverly
K. Jones, individually and on Behalf of
others similarly situated,
Plaintiffs-Appellants,
Board of Trustees of Alabama State University and Eria P.
Smith, Plaintiffs-Intervenors Appellants,
v.
The ALABAMA STATE BOARD OF EDUCATION; Fob James, John M.
Tyson, Jr., Ron Creel, S.A. Cherry, Ralph D. Higginbotham,
Victor P. Poole, Harold C. Martin, James B. Allen, Jr., and
Roscoe Roberts, Jr., individually and as members of the
Alabama State Board of Education; and Wayne Teague,
individually and as State Superintendent of Education,
Defendants-Appellees.
 No. 86-7215.
 United States Court of Appeals,
Eleventh Circuit.
 April 22, 1987.
 
 Donald V. Watkins, Watkins, Carter & Knight, Montgomery, Ala., Mark David Schneider, Bredhoff & Kaiser, Robert H. Chanin, Washington, D.C., for Allen, et al.
 Blacksher, Menefee & Stein, P.A., Gregory B. Stein, Mobile, Ala., Solomon S. Seay, Jr., Seay & Davis, Montgomery, Ala., for Board of Trustees of Alabama State University & Eria P. Smith.
 R. David Christy, Asst. Atty. Gen., Algert S. Agricola, Jr., David R. Boyd, Balch & Bingham, Montgomery, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before TJOFLAT and EDMONDSON, Circuit Judges, and EATON*, Senior District Judge.
 EDMONDSON, Circuit Judge:
 
 
 1
 The opinion, dated November 25, 1986, in this case has been withdrawn.
 
 
 2
 This case presents us with this question: whether the eleventh amendment or principles of federalism preclude a federal court from enforcing a settlement agreement in a Title VII case in which a state Board of Education is defendant where Board members expressly authorized the Board's lawyer to advise the court that a settlement had been reached, but no one signed the agreement on the Board's behalf, and no formal vote was taken by the Board. The district court believed that a signed writing was necessary and declined to enforce the settlement agreement. In the circumstances, we disagree and reverse.
 
 
 3
 In December, 1981, appellants Allen, Lamar and Jones, three black teachers, filed a lawsuit in federal court challenging the Alabama State Board of Education's teacher certification policy. In 1983, the district court certified a class, represented by Allen, Lamar, and Jones, consisting of all black persons who have been or will be denied teacher certification because they failed to pass the required standardized tests. In 1984, the court allowed the other two appellants, the Board of Trustees of Alabama State University, a predominantly black university, and Eric P. Smith, a black teacher, to intervene.
 
 
 4
 Appellants alleged that the standardized tests required for teacher certification have an adverse racial impact on black students and colleges, have no relationship to job performance, are culturally biased, evaluate students on matters not taught in the classroom, and were implemented without adequate prior notice. Attorneys for the parties met throughout the course of the proceedings to discuss settlement of the lawsuit. Finally, in April of 1985, the attorneys drafted a settlement agreement in consent decree form that they believed would be acceptable to all parties. The terms of the settlement are not disputed.
 
 
 5
 The Board of Education had previously passed a resolution authorizing the State Superintendent of Education to settle all litigation involving the Board. Although the Superintendent believed that the settlement drafted by the attorneys was acceptable, he was reluctant to agree to it without the approval of the Board. He and the defense attorney for the Board of Education called a meeting of the board to discuss the proposed settlement agreement.
 
 
 6
 Five of the eight board members, a quorum, met on April 4, 1985 and discussed the proposed settlement. The Superintendent and some board members expressed dissatisfaction with certain provisions of the agreement, but no one advocated disapproving the settlement because of those provisions. The district court found that the officer presiding at the meeting told the attorney, without objection from the other board members, to "go ahead" with the settlement. The district court also found that those present at the meeting left with the understanding that the five board members had approved the settlement and that their attorney would immediately notify opposing counsel and the court that the matter was settled. Defense counsel did so.
 
 
 7
 News of the settlement sparked widespread criticism, including a public attack by the Attorney General for the State of Alabama. In response, the Board of Education met one week after the April 4 meeting (after the district court had been informed of and accepted the settlement) and voted five to three to inform the court that the lawsuit was not settled. Appellants responded with a motion seeking to enforce the settlement. After discovery on the motions and an evidentiary hearing, the district court found as a matter of fact that the Board of Education had knowingly and voluntarily agreed to the terms of the settlement in the first meeting and ordered that the settlement be enforced.
 
 
 8
 Defendants filed a motion for rehearing. After reconsidering the matter, the district court reiterated its conviction that the board members present at the April 4 meeting "approved the settlement by knowingly and without objection allowing their attorney to inform opposing counsel and the court that [the] case was settled...." The district court, held, however, that principles of federalism prevented enforcement of the agreement.
 
 
 9
 The district court first cited the principle that federal courts should find a waiver of eleventh amendment protections only where the state has stated its intention to do so "by the most express language or by such overwhelming implications from the text as will leave no room for any other responsible construction." Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed.2d 662 (1974), quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909). The court held, therefore, that "before a federal court may enforce a settlement of the magnitude presented here against a state, the settlement should, at a minimum, be reduced to a writing signed by the appropriate state officials or their agents." Because the agreement was not signed, the district court refused to enforce the agreement. Accordingly, the court vacated its prior order and certified the issue for appeal pursuant to 28 U.S.C. sec. 1292 (1966). 636 F.Supp. 64.
 
 
 10
 The district court's decision to discount the settlement is couched in terms of respect for comity and the interests of federalism. It is, of course, right for United States Courts to be concerned about the vitality of our federal system; but we disagree that enforcing a settlement made by a state board undercuts important principles of federalism or violates the eleventh amendment.
 
 
 11
 Appellants argue that the eleventh amendment does not apply in this case because Congress has clearly expressed its intention that state governments be subject to suit under Title VII. We agree and hold that, in civil actions invoking Title VII, state defendants lack eleventh amendment protection and that otherwise valid consent-decree settlements agreed to in such cases by state agencies are enforceable notwithstanding the existence of the eleventh amendment. See generally Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); Dothard v. Rawlinson, 433 U.S. 321, 331 n. 14, 97 S.Ct. 2720, 2728 n. 14, 53 L.Ed.2d 786 (1977); Fitzpatrick v. Bitzer, 427 U.S. 445, 451-457, 96 S.Ct. 2666, 2669-72, 49 L.Ed.2d 614 (1976); H.R.Rep. No. 92-238, p. 17 (1971); S.Rep. No. 92-415, p. 10 (1971).
 
 
 12
 The sole remaining issue is whether the Alabama State Board of Education actually approved the settlement agreement. After each of two hearings, the district court found that the Board had approved the settlement agreement at the April 4 meeting. This factual finding is not clearly erroneous. Certainly, the record contains overwhelming evidence supporting the trial judge's finding.
 
 
 13
 Not only did the individual board members make no objection when the presiding officer authorized the board's attorney to settle, but the testimony before the district court indicated that they believed at the end of the meeting that they had approved the settlement. The fact that the board later changed its mind after unfavorable publicity does not change the fact that it had already approved the settlement and that the Board's attorney, with their consent, had notified the court of the settlement.
 
 
 14
 Although the validity of the settlement is a matter of federal law, the Board of Education of the State of Alabama is a creature of state law and derives its only capacity to act--respecting settlement agreements or otherwise--from state law. Consequently, it is important that in the instant case the parties have presented no rule of Alabama law (constitutional, statutory, judicial, or administrative) requiring particular formalities to be observed by the Board of Education before their decisions become final and effective. Cf. O.C.G.A. sec. 36-10-1 (1982) (all contracts entered into by county governments to be in writing and entered on minutes). While we might adhere to such state-made formalities concerning state board actions, we will not create these restraints where the state has not done so.
 
 
 15
 In light of the evidence presented below, we reverse the decision of the district court and remand for reinstatement of the consent decree and such other proceedings as are consistent with this opinion.
 
 
 
 *
 Honorable Joe Eaton, Senior U.S. District Judge for the Southern District of Florida, sitting by designation